UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
AIR FRANCE,

                Plaintiff,

  -v-

AIRCRAFT SERVICE INTERNATIONAL, INC.,

                Defendant.
----------------------------------------------------------------x

**MEMORANDUM & ORDER**

12-CV-6025 (SLT) (RER)

**TOWNES, United States District Judge:**

      Defendant Aircraft Service International ("ASII") appeals, pursuant to Federal Rule of Civil Procedure 72(a), from two orders dated May 23, 2014, of Magistrate Judge Raymon E. Reyes, Jr., (1) denying in part and granting in part ASII's motion for sanctions against Plaintiff Air France ("AF"); and (2) denying ASII's motion for a protective order and imposing sanctions against ASII. For the reasons set forth below, the appeals (Docket Nos. 70, 71) are denied.

**BACKGROUND**

      Plaintiff Air France ("AF") alleges that on December 26, 2010, its outbound aircraft was struck by one of ASII's de-icing trucks, causing extensive damage to the aircraft's left wing. AF claims that the aircraft was rendered unsafe to operate and, as a result, AF incurred significant costs for repair, for damage to perishable cargo, and to locate alternative international air carriage for the displaced passengers. Based upon these allegations, AF asserts claims for negligence, contractual liability, breach of warranty, and contribution/indemnity.

      Discovery in this case has been rife with conflict. At one point during a March 25, 2014, conference, Judge Reyes cautioned ASII's counsel: "I can't stop you from making a sanctions motion. But I can tell you that sanction of dismissal is rarely granted." (Docket No. 49 at 55).

On April 2, 2014, ASII filed a motion asking Judge Reyes to dismiss the action or, in the alterative, impose other sanctions against AF. (Docket Nos. 54, 55). ASII complained that AF had spent "more than one year . . . refusing to abide by the many orders issued by this Court, withholding evidence until the close of discovery, and failing to provide timely discovery responses." (Docket No. 55 at 1). On May 23, 2014, reiterating that "dismissal is the harshest of sanctions and is rarely granted," Judge Reyes denied the motion to the extent it sought dismissal, but "granted [it] to the extent that upon [ASII's] request, [AF] shall produce for another deposition in New York any witness it seeks to re-depose in light of the newly produced documents" and that "deposition costs are to be borne by [AF]." ASII appeals this decision. (Docket No. 70).

Meanwhile, on May 12, 2014, ASII filed a letter motion seeking a protective order concerning settlement data from ACII's prior accident files, arguing that such information is privileged attorney work product. (Docket No. 63). As AF correctly noted in its response, Judge Reyes had twice ordered production of this information, on February 13 and April 7, 2014. (Docket No 65). On May 23, 2014, Judge Reyes denied ASII's motion for a protective order, citing AF's argument that "[a]ny claim to work product or attorney-client protection [was] waived due to untimely assertion of those privileges." Judge Reyes also assessed the costs and fees incurred by AF in litigating the issue for the third time against ASII under Federal Rule of Civil Procedure 37. ASII also appeals this order and seeks a stay pending this Court's decision. (Docket No. 71).

## DISCUSSION

The Federal Rules of Civil Procedure provide that the scope of discovery includes "any non-privileged matter that is relevant to any party's claims or defense." Fed. R. Civ. P. 26(b)(1). While the "regime . . . is an extremely permissive one," district courts have "broad discretion to manage the manner in which discovery proceeds" and limit it "when the facts and circumstances are such that it creates an inappropriate burden or hardship." In re Subpoena Issued to Dennis Friedman, 350 F.3d 65, 69 (2d Cir. 2003).

A magistrate judge is authorized "to make findings as to non-dispositive pretrial matters, such as discovery matters, which may not be disturbed by a district judge absent a determination that such findings were 'clearly erroneous or contrary to law.'" Garcia v. Benjamin Group Enter. Inc., 800 F. Supp. 2d 399, 403 (E.D.N.Y. 2011) (citing 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a)). Under this highly deferential standard of review, a district court may reverse the finding only if "considering the entirety of the evidence, [it] is left with the definite and firm conviction that a mistake has been committed." Crawford v. Coram Fire Dist., No. 12 CV 3850 (DRH) (WDW), 2014 WL 1686203, at *2 (E.D.N.Y. Apr. 29, 2014) (internal quotation marks omitted). Simply put, "a party seeking to overturn a discovery order bears a heavy burden." AP Links, LLC v. Global Golf, Inc., No. 08-CV-1730 (TCP) (AKT), 2011 WL 888261, at *4 (E.D.N.Y. Mar. 14, 2011).

As to the denial of ASII's motion for a protective order, ASII offers not a single case in support of its position that it did not waive its right to assert work product or attorney-client privilege. (See Docket No. 71 at 6-7). Moreover, Judge Reyes was within his discretion to sanction ASII under Federal Rule of Civil Procedure 37(b)(2)(C) for failing to comply with prior orders and relitigating resolved issues. Similarly, this Court finds no basis for concluding that

3

Judge Reyes' measured decision regarding ASII's own motion for sanctions was clearly erroneous or contrary to law.

## CONCLUSION

For the reasons set forth above, Judge Reyes' non-dispositive orders of May 23, 2014 (1) denying in part and granting in part ASII's motion (Docket No. 54) for sanctions; and (2) denying ASII's motion (Docket No. 63) for a protective order and assessing costs/fees, were neither clearly erroneous nor contrary to law, and the Court declines to modify them. ASII's appeals pursuant to Rule 72(a) (Docket Nos. 70, 71) therefore are DENIED and the motion to stay Judge Reyes' order is moot.

**SO ORDERED.**  /s/(SLT)

/SANDRA L. TOWNES
United States District Judge

Dated: June 16, 2014
Brooklyn, New York